UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRANK MECHE                                              CIVIL ACTION

VERSUS                                                   NO. 10-3653

MAINTENANCE DREDGING, INC. ET AL.                        SECTION "G" (2)

# ORDER ON MOTIONS

APPEARANCES:   None (on the briefs)

MOTIONS:   (1)   Motion to Extend Deadline Within Which to Amend for Seven Days, Record Doc. No. 16
           (2)   Plaintiff's Motion to File First Amended Complaint and for Sanctions Under 28 U.S.C. § 1927, Record Doc. No. 17
           (3)   Pltf's Motion to Compel Discovery and for Sanctions, Record Doc. No. 22

O R D E R E D:

(1) : GRANTED. A Rule 16 order "may be modified only for good cause <u>and</u> with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). In determining "good cause" in connection with a Rule 16 scheduling order of the type that was entered in this case, the court must weigh the following factors: (1) the explanation for the failure to comply, (2) the importance of the matters that are the subject of the order, (3) potential prejudice in allowing the requested action and (4) the availability of a continuance to cure such prejudice. <u>Nunez v. United States Postal Serv.</u>, 298 F. App'x 316, 319 (5th Cir. 2008); <u>Campbell v. Keystone Aerial Surveys, Inc.</u>, 138 F.3d 996, 1000-01 (5th Cir. 1998) (district court abused discretion in allowing late-designated expert to testify at trial without having considered the four factors).

Plaintiff's explanation for this brief, reasonable extension of the amendment deadline – the development of additional information following initial disclosures, deposition and expert consultation – is persuasive. The amendment appears important in light of plaintiff's <u>Iqbal</u>/<u>Twombly</u> obligations. No prejudice to defendant's ability to meet the amendment or prepare for trial is apparent, and no continuance of the trial date or other deadlines appears necessary. Under these circumstances, this reasonable extension is permitted.

(2) : GRANTED IN PART AND DENIED IN PART.  The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend.  Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.  Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597-98 (5th Cir. 1981)).  Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic."  Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted).  Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."  Id.

Having granted plaintiff's motion to extend the amendment deadline, I find no undue delay or dilatory motive on plaintiff's behalf. The allegation in defendant's opposition memorandum that the amendment contains "nothing but false, fabricated defamatory allegations" is not clearly established on this record and – in any event – is a matter for evidentiary, not pleading, resolution. I can find no bad faith at this time.  No previous amendments have been requested or allowed. Defendant is not prejudiced in its ability to meet the amendment, and ample time to prepare its defenses and meet the allegations in the amended complaint remains before trial. The amendment does not appear futile. Thus, the Rule 15 factors weigh in favor of permitting the amendment, and the motion is granted in part insofar as it seeks leave to amend.

The motion is denied insofar as it seeks sanctions under 28 U.S.C. § 1927.  The motion papers do not establish conduct so unreasonable or vexatious as to prompt a sanctions award under Section 1927 at this time.

 (3) : GRANTED IN PART, DENIED IN PART AND DEFERRED IN PART as follows: The motion seeks five forms of relief, which I address as follows:

The motion is granted in part and deferred in part insofar as it seeks responses to plaintiff's Request for Production served on October 10, 2011. Ordinarily, defendant's failure to provide a timely written response to this request asserting its objections, as required by Fed. R. Civ. P. 34(b)(2)(A), (B) and (C), would result in waiver of its objections. See Poulos v. Naas Foods, Inc., 959 F.2d 69, 74 (7th Cir. 1992) (party "waived any objection to production by failing to object when disclosure was due"); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10, 12-13 (1st Cir. 1991) (objections to requests for production were waived by failure to make timely objections); McLeod, Alexander, Powell & Apffel v. Quarles, 894 F.2d 1482, 1484 (5th Cir. 1990) (vague objections lacking in specificity held invalid); In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s

2

a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); accord Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc., 236 F.R.D. 396, 398 (N.D. Ill. 2006); Brown-Stahlman v. Charter Trust Co., No. 04-CV-322-SM, 2006 WL 680874, at *1 (D.N.H. Mar. 16, 2006).

Of course, the court retains discretion to decline to compel production of requested documents when the request far exceeds the bounds of fair discovery, even if a timely objection has not been made. Fifty-Six Hope Road Music, Ltd. v. Mayah Collections, Inc., No. 2:05-cv-01059-KJD-GWF, 2007 WL 1726558, at *4 (D. Nev. June 11, 2007); Lucero v. Martinez, No. 03-1128 JB/DJS, 2006 WL 1304945, at *2 (D.N.M. Mar. 11, 2006); Kolenc v. Bellizzi, No. 95 CIV. 4494, 1999 WL 92604, at *3 (S.D.N.Y. Feb. 22, 1999); Krewson, 120 F.R.D. at 7.

In this instance, I will exercise the court's discretion to find that the privacy objections asserted in the opposition memorandum (but no others) are not waived, because the requested information is highly sensitive personal information of non-party individual employees that may be protected from unrestricted disclosure by federal law. Discovery of the personnel files of non-party individual employees, including especially employee drug-testing records, presents special concerns about the privacy rights of the individuals involved. This does not mean that a party is never entitled to discover such materials in the personnel files of an opponent's employees or that everything contained in them is irrelevant. The court must balance the interests of the parties in obtaining relevant discovery against the privacy interests of individual non-parties. Thus, "a district court has discretion to determine whether discovery of such files is warranted." Davis v. Precoat Metals, No. 01 C 5689, 2002 WL 1759828 (N.D. Ill. July 29, 2002) (citing Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994); Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 365 (6th Cir. 1999); Atkinson v. Denton Publ'g Co., 84 F.3d 144, 148 (5th Cir. 1996)). The motion is granted in part in that defendant must provide a written response to this request formally asserting its privacy objections on behalf of its employees records. All other objections are deemed waived. Final determination of this portion of the motion is deferred, however, so that I may review the requested materials in camera to determine whether they are relevant and discoverable and, if so, what protective order concerning production might be appropriate.

**IT IS ORDERED** that defendant must produce to me no later than **February 29, 2012** all materials, if any, responsive to the subject Requests for Production that it is withholding from discovery on privacy grounds for my in camera review. Thereafter, I will rule on the deferred portion of this motion without further briefing or oral argument.

The court finds counsel's inability amicably to schedule basic depositions both maddening and unreasonable. Since counsel appear unable to deal with each other in a reasonable manner, the court will impose a deposition schedule upon them.

The motion is granted insofar as its seeks an order compelling the Rule 30(b)(6) depositions of the MDI defendants originally noticed for October 11, 2011. **IT IS ORDERED** that the MDI defendants must produce designee(s) for the Rule 30(b)(6) deposition of the defendants on March 1, 2012 beginning at 9:00 a.m. at the office of defense counsel. This date and time may be varied only upon the written stipulation of <u>all</u> parties, or order of the court.

The motion is granted insofar as it seeks an order compelling the individual depositions of Gary Smith, Justin Tassin and Gary Lanclos, subject to the conditions contained herein. Any of these witnesses who are <u>current</u> employees of any defendant must be produced by defendant as required by this order, without the need for subpoena. As to any of these witnesses who is <u>not</u> a <u>current</u> employee of any defendant, plaintiff must assure appearance of the witness at his deposition by timely served subpoena. **IT IS ORDERED** that the deposition of (a) Gary Smith must be conducted on March 6, 2012 at 9:00 a.m.; (b) Justin Tassin on March 7, 2012 at 9:00 a.m., and (c) Gary Lanclos on March 8, 2012 at 9:00 a.m., all at the office of defense counsel. The dates, times and place of these depositions may be varied only upon the written stipulation of <u>all</u> parties <u>and</u> the appropriate deponent(s), or order of the court.

The motion is denied insofar as it seeks the individual depositions of all 20 persons listed in paragraphs (g) through (z) of defendants' initial disclosures. Taking <u>all</u> of these depositions would exceed the limit imposed by Fed. R. Civ. P. 30(a)(2)(A)(i), and the current motion papers offer no explanation as to why granting these apparently excessive depositions might be consistent with Fed. R. Civ. P. 26(b)(2). Counsel must confer, <u>in person</u> and in good faith – not by letter, email or otherwise – <u>after</u> the other depositions scheduled herein are conducted – to determine which, if any, of these additional depositions may be appropriate and to schedule them.

The motion is denied insofar as it seeks an award of attorney's fees and expenses at this time. The motion has been granted in part and denied in part. Under these circumstances, I find that a reasonable apportionment of expenses associated with this discovery dispute is that each side should bear its own. Fed. R. Civ. P. 37(a)(5)(C).

New Orleans, Louisiana, this <u>  16th  </u> day of February, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE