UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANK MECHE | CIVIL ACTION |
| VERSUS | NO. 10-3653 |
| MAINTENANCE DREDGING, INC. ET AL. | SECTION "G" (2) |

### ORDER ON MOTION

APPEARANCES: None (on the briefs)

MOTION: Defendants' Motion to Compel Independent Medical Examination and for Sanctions, Record Doc. No. 31

O R D E R E D:

 XXX : GRANTED IN PART (subject to the order contained herein) and DENIED IN PART. The portion of the motion seeking an order requiring plaintiff to appear for a medical examination is governed by Fed. R. Civ. P. 35(a), which provides in pertinent part:

> (1)  The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . .
> (2)  The order:  (A) may be made only on motion for good cause . . . ; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a)(1), (2).

This is a personal injury case in which the nature, scope and circumstances of plaintiff's orthopedic condition are in dispute. Under these circumstances, good cause to support a Rule 35 examination and order is established. In fact, plaintiff's opposition memorandum is clear that plaintiff does not dispute that good cause exists for a Rule 35 orthopedic examination. His only opposition to the motion is that it should not be conducted by the doctor selected by defendant, Dr. Christopher Cenac, Sr. of Houma. As plaintiff points out, Dr. Cenac's impartiality has recently been questioned by the Fifth Circuit in a separate case in which none of the present parties or counsel were involved. Turner v. Pleasant, 663 F.3d 770, 773-77 (5th Cir. 2011). Although the findings cited by plaintiff may provide grounds on which plaintiff may later argue for the exclusion of Dr. Cenac's testimony at trial or, alternatively, attack Dr. Cenac's credibility and the weight, if any, to be given to his opinions at trial, for discovery purposes Rule 35 requires only that the examiner be "suitably licensed or certified."  At this time, Dr. Cenac remains a suitably

licensed examiner in the appropriate field of orthopedics. If defendant selects Dr. Cenac as its Rule 35 examiner, despite the trial risks to defendant that his selection poses, Rule 35 poses no prohibition against defendant's selection.

Accordingly, the motion is granted in part in that plaintiff must appear for a standard non-invasive orthopedic examination, all reasonable expenses to be paid by defendant. **IT IS ORDERED** that defense counsel must inform his client of the Fifth Circuit decision in Turner, and advise the court in writing, no later than **March 2, 2012** with a copy to plaintiff's counsel, whether defendant selects Dr. Cenac as the examiner or whether it has selected some other suitably licensed orthopedist to conduct the examination. In either event, counsel must also confer as soon as possible after defendant's final decision as to the examiner, either by telephone or in person, and arrive at a mutually convenient date and time for the examination to be conducted, and provide the court no later than **March 2, 2012** with all information necessary to issue an amended order pursuant to Fed. R. Civ. P. 35(a)(2)(B) concerning this examination.

The motion is DENIED insofar as it seeks an order that plaintiff pay sanctions of any kind at this time. There is no factual or legal basis for such an award. Fed. R. Civ. P. 37(a)(3)(B) and (5) authorizing awards of fees or other costs in connection with motions to compel do not apply to motions under Fed. R. Civ. P. 35 for obvious reasons. A party who seeks to invoke the court's authority, including its sanction power, concerning physical or mental examinations, unlike other discovery, must first obtain a court order. Fed. R. Civ. P. 35(a), 37(a)(3)(B) and (b)(2) (A). Specifically, in connection with Rule 35 examinations, sanctions may be awarded only if a party fails to appear for the exam after the required court order for such exams has been violated. Fed. R. Civ. P. 37(b)(2)(A). No court order for such an examination has previously been issued in this case. Imposition of sanctions is unwarranted.

New Orleans, Louisiana, this ___23rd___ day of February, 2012.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

2